IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BARBARA RODGERS,                    )
                                    )
            Plaintiff,              )
                                    )
      vs.                           )    Civil Action No. 13-75-J
                                    )
CAROLYN W. COLVIN, ACTING           )
COMMISSIONER OF SOCIAL SECURITY,    )
                                    )
            Defendant.              )


O R D E R

        AND NOW, this 24th day of September, 2014, upon consideration

of the parties' cross-motions for summary judgment, the Court, upon

review of the Commissioner of Social Security's final decision

re-determining Plaintiff's eligibility for benefits under 42 U.S.C.

§ 1382c(a)(3)(H)(iii) and denying her claim for supplemental security

income benefits under Subchapter XVI of the Social Security Act, 42

U.S.C. §1381, et seq., finds that the Commissioner's findings are

supported by substantial evidence and, accordingly, affirms. See 42

U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health &

Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan,

970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S.

924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See

also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if

1

supported by substantial evidence, the Commissioner's decision must

be affirmed, as a federal court may neither reweigh the evidence, nor

reverse, merely because it would have decided the claim differently)

(citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]     The Court finds no merit in Plaintiff's position that the
Administrative Law Judge ("ALJ") erred in finding her to be not
disabled.  Plaintiff first argues that her case should be remanded to
the Commissioner to obtain additional information concerning her
previous disability determination pursuant to Social Security Ruling
("SSR") 11-2p, 2011 WL 4055665 (S.S.A.) (Sept. 12, 2011).  Plaintiff,
of course, acknowledges that this ruling had not been issued prior
to the ALJ's decision, but apparently believes that this case should
be remanded so that the ALJ can re-evaluate the case in light of the
ruling.  As the Commissioner points out, the courts to have ruled on
the issue have found that SSR 11-2p has no application when an ALJ
has issued his or her decision prior to the ruling's effective date
of September 12, 2011.  See Reid v. Colvin, 2013 WL 1729491, at *8 n.4
(D. S.C. Apr. 22, 2013); Lancaster v. Astrue, 2012 WL 6652539, at *3
(E.D. Ken. Dec. 20, 2012).  Regardless, nothing in that ruling is
inconsistent with the ALJ's analysis.  Plaintiff herself acknowledges
that the ruling states that the medical improvement review standard
is not used for continuing disability reviews in age-18
re-determinations.  See 2011 WL 4055665 (S.S.A.) at *3 n.14, *15.  The
Court notes that Section IV(E)(2) of SSR 11-2p provides merely that,
absent medical improvement or new evidence demonstrating a prior error,
a young adult who had limitations as a child "will probably" or "likely"
have similar limitations as an adult.  Id. at *16.  In any event,
substantial evidence supports the ALJ's decision.  Plaintiff was found
to be disabled as a child effective December 1, 2004, approximately
four and a half years before she received notice that she was no longer
disabled as an adult as of June 1, 2009.  The ALJ carefully considered
and discussed the progress of Plaintiff's conditions going forward.
Indeed, contrary to Plaintiff's claims, there was a great deal of record
evidence regarding Plaintiff's mental, psychological, and educational
condition from the time she was initially awarded benefits as a child,
including the determination itself (R. 148-74, 236-75), and there was
likewise a significant amount of evidence from the period between 2004
and 2009.  The ALJ, in fact, specifically referred to and acknowledged
this evidence.  (R. 16).

Plaintiff also argues that the ALJ failed to account for certain of her impairments, particularly her anxiety disorder. She argues, for instance, that the ALJ's residual functional capacity ("RFC") findings "do not include **any** limitations resulting from her anxiety disorder." Doc. No. 9 at 9 (emphasis added). However, she apparently ignores the fact that the ALJ's RFC findings limited her to simple, routine, repetitive, low stress work involving no deadlines or a fast-paced production environment and the fact that the findings required her to avoid interaction with the public and teamwork jobs and limited her to occasional interaction with supervisors and co-workers and to object-oriented work. (R. 12). These findings more than adequately addressed Plaintiff's anxiety-related symptoms. To the extent that Plaintiff argues that additional restrictions were warranted, the Court notes that the ALJ did not find Plaintiff's testimony regarding her symptoms to be entirely credible, and substantial evidence supports that decision. Indeed, both consulting professionals, Dr. Kim Foster, Ph.D., and Steven Hand, M.A., indicated that Plaintiff may be a malingerer. (R. 335, 342-343). Moreover, as the ALJ pointed out, Plaintiff's testimony at her hearing was contradicted by other record evidence, including her mother's testimony. (R. 17).

Plaintiff apparently believes that Ramirez v. Barnhart, 372 F.3d 546 (3d Cir. 2004), calls for a different result. However, this belief is based on her mis-reading and/or mis-application of the holding in that case. First, in Ramirez, the ALJ had found that the claimant "often" suffered from deficiencies of concentration, persistence, or pace, resulting in a failure to complete tasks in a timely manner, and the Third Circuit Court of Appeals held that the ALJ's RFC determination that the claimant was limited to simple, repetitive one or two-step tasks did not sufficiently take the claimant's deficiencies into account. Here, the ALJ found that Plaintiff had moderate limitations in concentration, persistence, or pace, as the Social Security regulations pertaining to mental impairments were revised, and the evaluation of concentration, persistence, and pace was changed from a five-point scale based on the frequency of the deficiencies to the current five-point severity scale. See Reynolds v. Commissioner of Soc. Sec., 2011 WL 3273522, at *13 (W.D. Pa. July 29, 2011). Although both "often" and "moderate" occupy the middle position in their respective scales, more recent Third Circuit decisions have distinguished Ramirez based on the difference between "often" suffering from these deficiencies and being "moderately" limited in those areas. See McDonald v. Astrue, 293 Fed. Appx. 941, 946-47 (3d Cir. 2008) (noting that the ALJ properly accounted for his

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for

Summary Judgment (document No. 8) is DENIED and Defendant's Motion for

Summary Judgment (document No. 12) is GRANTED.


                                        s/Alan N. Bloch
                                        United States District Judge

ecf:      Counsel of record

---

finding that the claimant had moderate limitations in concentration
by limiting him to simple, routine tasks).  See also Menkes v. Astrue,
262 Fed. Appx. 410, 412 (3d Cir. 2008) ("Having previously acknowledged
that [the claimant] suffered moderate limitations in concentration,
persistence and pace, the ALJ [properly] accounted for these mental
limitations in the hypothetical question by restricting the type of
work to 'simple routine tasks.'").  The continuing validity of Ramirez
under the new severity scale, therefore, is questionable.

     More importantly, though, in Ramirez, the ALJ had limited the
claimant to simple, repetitive one or two-step tasks.  Here, as
discussed, the mental limitations found by the ALJ in the RFC were
far more extensive and specific.  Plaintiff was limited not only to
simple, routine, repetitive work, but also to work that was low stress,
involving no deadlines or a fast-paced production environment, and
Plaintiff was also severely restricted as to her ability to work with
others and with the public.  (R. 12).  These limitations go far beyond
a limitation to simple, repetitive one or two-step tasks and properly
accounted for Plaintiff's deficiencies in concentration, persistence,
and pace and her anxiety-related symptoms.

     Plaintiff's additional arguments merit little discussion.
Suffice it to say that the ALJ adequately considered and discussed
the opinion evidence and Plaintiff's global assessment of
functioning scores.  In regard to the weight accorded to the
opinion of Dr. Foster, the Court notes, as discussed above, that
both Dr. Foster herself and the other consulting professional,
Mr. Hand, indicated that Plaintiff may be a malingerer.  (R. 335,
342-343).  Accordingly, substantial evidence supports the ALJ's
decision.